IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSSELL A. BOWDEN,

    Petitioner,                       No. CIV-S-11-2445 CKD P

    vs.

KEN CLARK,                            <u>ORDER AND</u>

    Respondent.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is serving a sentence of fifteen-years-to-life imprisonment entered upon a 1987 Superior Court of Orange County conviction for second degree murder.

I. <u>Request To Proceed In Forma Pauperis</u>

        Petitioner requests permission to proceed in forma pauperis. Examination of petitioner's in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

/////

/////

1

## II. Screening

Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief in this court. Petitioner raises a single claim titled as follows:

> CDCR case records misapplied petitioners sentence under PC 669, by running petitioners 15 to Life sentence consecutive rather than concurrent. In violation of petitioners "Due Process" right's and 8th Amendment right.

The body of the claim reads:

> Petitioner was convicted on (1) count of second degree murder with a term of 15 years to life. Which the term of the 15 years would run concurrent with the life term because the life term start at the same time. So, that petitioner would not do two separate terms just one. Because the 15 years is not a enhancement. The term is what petitioner would do before parole.

Whatever it is that petitioner is saying, it appears that he is suggesting he should have been released from prison after serving 15 years. An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Nothing suggests that the manner in which petitioner's sentence is being executed violates any of his federal rights. Accordingly, petitioner's application for writ of habeas corpus should be dismissed. Petitioner is warned that he may be subjected to monetary sanctions if he files frivolous actions like this in the future.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (#2) is granted; and
2. The Clerk of the Court assign a district court judge to this case.

/////

/////

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file objections.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 26, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
bowd2445114